UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JEREMY COOK,

                              Plaintiff,

v.                                            Civil Action No. 5:13-CV-512 [NAM/DEP]

COHEN & SLAMOWITZ, LLC and
MIDLAND FUNDING, LLC,

                              Defendants.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Jeremy Cook, is a natural person residing in the County of Madison and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Cohen & Slamowitz, is a domestic registered limited liability partnership organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant, Midland Funding, LLC ("Midland"), is a foreign limited liability company organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendants regularly attempt to collect debts alleged to be due another.

1

8. That at all times relevant herein, Cohen & Slamowitz acted as agent for Midland Funding.

9. That all of the acts of Cohen & Slamowitz alleged herein were done within the scope of their agency relationship with Midland Funding.

10. The acts of the Defendants alleged hereinafter were performed by their employees acting within the scope of their actual or apparent authority.

11. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

12. That Plaintiff allegedly incurred a debt to HSBC.  This debt will be referred to as "the subject debt."

13. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

14. That Plaintiff defaulted on this debt.

15. That upon information and belief, sometime after Plaintiff defaulted on the subject debt, Defendant Midland allegedly acquired the debt.

16. That upon information and belief, Defendant Cohen & Slamowitz, was employed by Defendant Midland to collect on the subject debt.

17. That on or about January 23, 2013, Defendant Cohen & Slamowitz, on behalf of Defendant Midland, filed a complaint in Oneida City Court against Plaintiff in an attempt to collect on the subject debt

18. That when the above action was commenced in Oneida City Court by Defendants, Plaintiff resided at ███████████, Hubbardsville, New York 13355.

19. That Defendants' filing of the action to collect on the subject debt against Plaintiff in the City of Oneida was an improper venue. The proper venue for the commencement of a legal action to collect a debt against a consumer is the location where the contract was signed or where the consumer resides.  The contract was not signed in Oneida nor did the consumer reside in Oneida.

20. That N.Y. Uniform City Court Act §213 states that in money actions, either the Defendant or the Plaintiff must be a resident of the city in which the action was commenced or reside in a town contiguous to that city.

21. That since the Plaintiff neither resides in the City of Oneida nor does he reside in a town contiguous to the City Court of Oneida, the lawsuit was improper as City Court of Oneida never obtained personal jurisdiction over the Plaintiff.

22. That in January of 2013, Defendant called Plaintiff at his place of employment. During the first conversation Plaintiff instructed Defendant that they cannot contact him at his place of employment.

23. That Defendant continued to contact the Plaintiff at his place of employment after being instructed not to. That Plaintiff's boss even instructed Defendant to stop calling but despite said instruction, Defendant still continued to call the Plaintiff's place of employment.

24. That in or about the fall of 2012, Defendant also contacted Plaintiff's mother and left a message on her answering machine which disclosed Plaintiff's debt to her.

25. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

26. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 25 above.

27. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A.   Defendants violated 15 U.S.C. §1692i(a)(2) by filing a lawsuit in a location other than where the contract which forms the basis for the alleged subject debt was signed or where the Plaintiff resides.

    B.   Defendants violated 15 U.S.C. §1692b(2) by disclosing Plaintiff's debt to his mother.

    C.   Defendants violated 15 U.S.C. §1692c(a)(1) and 15 U.S.C. §1692c(a)(3) by calling Plaintiff at his place of employment and continuing to contact him at his place of employment after being instructed not to.

    D.   Defendants violated 15 U.S.C. §1692g for failing to send Plaintiff a 30-day validation notice within five days of the initial communication.

    E.    Defendants violated 15 U.S.C. §1692(e)(5) by filing an action in the City Court of Oneida as Plaintiff neither lives in Oneida nor in a town contiguous to Oneida.

28. That Defendant, Midland Funding, is liable for all of the acts of Defendant, Cohen & Slamowitz, as alleged in this complaint pursuant to the laws of agency.

29. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 23, 2013

    /s/ Seth J. Andrews_____
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com
    khiller@kennethhiller.com